IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVIN EUGENE DIXON JR., <br><br> Plaintiff, <br><br> vs. <br><br> TWO UNKNOWN CORRECTIONAL OFFICER, <br><br> Defendant. | 8:22CV138 <br><br><br> **MEMORANDUM AND ORDER** |

Plaintiff, a state prisoner who is proceeding pro se and in forma pauperis, filed this action on April 13, 2022. The court conducted an initial review of Plaintiff's Complaint (Filing 1) and, in a Memorandum and Order entered on June 6, 2022 (Filing 9), determined it fails to state a claim upon which relief may be granted. On the court's own motion, however, Plaintiff was given leave to amend within 30 days. An Amended Complaint (Filing 10), which supersedes the prior pleading, was filed on June 16, 2022.

I.  LEGAL STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins*

*v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF AMENDED COMPLAINT

Plaintiff is a pretrial detainee at the Douglas County Correctional Center ("DCCC"). Plaintiff alleges that on October 27, 2021, while being escorted upstairs in handcuffs by two correctional officers, he was pushed from behind, which caused him to fall on the stairs and injure his left ribs and left shoulder. Plaintiff alleges the officers then grabbed him under the arms and dragged him up the stairs and down a hallway before dropping him face-down on the floor and removing the handcuffs. The officers, whose names are unknown, are sued only in their official capacities. Plaintiff alleges his injuries resulted from an unofficial custom of Douglas County that "if you can't walk[,] they drag you," and further alleges, "I'm not the first to be dropped and unhandcuffed." (Filing10 at 5.)

## III. DISCUSSION

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal

statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Constitution affords greater protection to a pretrial detainee compared to a convicted inmate in the sense that "[d]ue process requires that a pretrial detainee not be punished." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979)). In other words, the Constitution shields pretrial detainees not just from "cruel and unusual punishments," U.S. Const. amend. VIII, but from *any* punishment whatsoever. *Id.*; *see City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Bell*, 441 U.S. at 535 n. 16.

Excessive force claims of pretrial detainees are analyzed under an objective reasonableness standard. *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017). Factors relevant to assessing the objective reasonableness of force used by officers include:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)).

A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (internal citations omitted); *see Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) ("A suit against government officials in their official capacities is another way of pleading an action against the entity of which they are agents."). Douglas County cannot be held liable for the officers' alleged misconduct under a theory of *respondeat superior* or vicarious liability. To prevail on an official-capacity claim, Plaintiff must show that the alleged constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

Here, Plaintiff alleges the existence of an unofficial custom, which will require proof of "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation.'" *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700).

Because the officers' names are unknown, and they are sued only in their official capacities, the court will substitute "The county of Douglas, Nebraska" as defendant. *See* Neb. Rev. Stat. § 23-101 (specifying corporate name of counties).

## IV. CONCLUSION

This action may proceed to service of process on Plaintiff's excessive force claim against Douglas County. The court cautions Plaintiff, however, that this is only a preliminary determination which is based solely on the allegations of his Amended Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED:

1. The Clerk of the Court is directed to modify the court's docket sheet by substituting "The county of Douglas, Nebraska," as Defendant in place of "Two Unknown Correctional Officer."

2. The Clerk of the Court is directed to complete a summons form and a USM-285 form for service of process on said Defendant at this address:

   Douglas County Clerk
   1819 Farnam Street, Room H-08
   Omaha, NE 68183

3. The Clerk of the Court shall forward the completed forms to the Marshals Service, together with a copy of Plaintiff's Amended Complaint (Filing 10) and a copy of this Memorandum and Order, for service on Defendant

by certified mail or any other method authorized by the Federal Rules of Civil Procedure.[1]

4. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[2]

5. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

6. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **October 13, 2022**—check for completion of service of summons.

7. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 15th day of July 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

---

[1] "A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). "Any county, city, or village of [Nebraska] may be served by personal, residence, certified mail, or designated delivery service upon the chief executive officer or clerk." Neb. Rev. Stat. § 25-510.02(2) (Westlaw 2021).

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in section 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915).